In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 21-3014

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

STUART NITZKIN,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:21-CR-00292(1) — **Sara L. Ellis**, *Judge.*

———————

ARGUED JUNE 2, 2022 — DECIDED JUNE 22, 2022

———————

Before EASTERBROOK, ST. EVE, and JACKSON-AKIWUMI, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* From April 2011 through September 2016, Stuart Nitzkin was executive director of a charity in Illinois. Through Nitzkin's efforts the charity raised about $1.1 million a year. He took home more than $300,000 annually—about half as salary and the rest embezzled. Nitzkin pleaded guilty to wire fraud, 18 U.S.C. §1343, and was sentenced to 42 months' imprisonment plus a fine, restitution,

and a year's supervised release. His appellate brief presents a single issue: whether, when calculating the recommended length of imprisonment, the district judge properly added two levels under U.S.S.G. 2B1.1(b)(9)(A).

Guideline 2B1.1(b)(9)(A) adds two levels (which for Nitzkin implied eight to ten extra months in prison) when the offense involves "a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious, or political organization, or a government agency". Nitzkin's position is simple: he did not "misrepresent" his status as a person "acting on behalf of" the charity, given that he was its duly appointed executive director. Nitzkin contends that §2B1.1(b)(9)(A) does not deal with diversion of funds raised by a legitimate officer of a legitimate charity.

The district judge found an increase under §2B1.1(b)(9)(A) proper because Nitzkin "was aware that some of the money coming in, based on his past decisions and behavior, was not going to the charity but would instead be diverted to him." In other words, the judge thought the increase appropriate because of Nitzkin's intent about the disposition of the money rather than because Nitzkin misled donors about his position with the charity. The judge's approach has the support of Application Note 8(B), which tells us that the increase

> applies in any case in which the defendant represented that the defendant was acting to obtain a benefit on behalf of a charitable, educational, religious, or political organization, or a government agency (regardless of whether the defendant actually was associated with the organization or government agency) when, in fact, the defendant intended to divert all or part of that benefit (*e.g.*, for the defendant's personal gain).

The question that we must decide is whether this note is a reasonable understanding of the Guideline—for, although the

Sentencing Commission's commentary may be used to re-solve ambiguities, it may not be used to contradict or extend a Guideline's text. See, e.g., *United States v. Rollins*, 836 F.3d 737 (7th Cir. 2016); *D'Antoni v. United States*, 916 F.3d 658 (7th Cir. 2019); *United States v. Smith*, 989 F.3d 575, 584 (7th Cir. 2021).

Application Note 8(B) was promulgated in 2001 as part of Amendment 617. A predecessor application note had given a few examples, all of which entailed misrepresentation of the defendant's position or misrepresentation of the charity's very existence. Not until the 2001 change did any commentary suggest that intention to divert part of the proceeds could support an enhancement under §2B1.1(b)(9)(A). The Commission said this about the change:

> [T]his amendment resolves a circuit conflict regarding the scope of the enhancement in the consolidated guideline for a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious, or political organization, or a government agency. (Prior to this amendment, the enhancement was at subsection (b)(4)(A) of §2F1.1). The conflict concerns whether the misrepresentation enhancement applies only in cases in which the defendant does not have any authority to act on behalf of the covered organization or government agency or if it applies more broadly to cases in which the defendant has a legitimate connection to the covered organization or government agency, but misrepresents that the defendant is acting solely on behalf of that organization or agency. Compare, e.g., United States v. Marcum, 16 F.3d 599 (4th Cir. 1994) (enhancement appropriate even though defendant did not misrepresent his authority to act on behalf of the organization but rather only misrepresented that he was conducting an activity wholly on behalf of the organization), with United States v. Frazier, 53 F.3d 1105 (10th Cir. 1995) (application of the enhancement is limited to cases in which the defendant exploits the victim by claiming to have authority which in fact does not exist).

> The amendment follows the broader view of the Fourth Circuit. It provides for application of the enhancement, now, by this amendment, at §2B1.1(b)(7)(A), if the defendant falsely represented that the defendant was acting to obtain a benefit for a covered organization or agency when, in fact, the defendant intended to divert all or part of that benefit (for example, for the defendant's personal gain), regardless of whether the defendant actually was associated with the organization or government agency. The Commission determined that the enhancement was appropriate in such cases because the representation that the defendant was acting to obtain a benefit for the organization enables the defendant to commit the offense. In the case of an employee who also holds a position of trust, the amendment provides an application note instructing the court not to apply §3B1.3 (Abuse of Position of Trust or Use of Special Skill) if the same conduct forms the basis both for the enhancement and the adjustment in §3B1.3.

The proviso mentioned at the end is in Application Note 8(E)(i): "If the conduct that forms the basis for an enhancement under subsection (b)(9)(A) is the only conduct that forms the basis for an adjustment under §3B1.3 (Abuse of Position of Trust or Use of Special Skill), do not apply that adjustment under §3B1.3." We will return to this proviso.

The statement in Amendment 617 that the Commission is resolving a conflict among the circuits *by rewriting an application note* is hard to fathom, at least on an initial reading. The Fourth and Tenth Circuits disagreed about how to read a Guideline. The normal way to resolve a conflict is to change the Guideline, which the Commission did not do. Rewriting the application note is like reenacting a statute with the text unchanged but a different legislative history, and *Pierce v. Underwood*, 487 U.S. 552 (1988), holds that this maneuver does not change the statute's meaning. So how could a new application note change a Guideline's meaning?

We said that the "normal" way to resolve a conflict is to change the Guideline, but it turns out that the conflict between the Fourth and Tenth Circuits was about the Application Note rather than the Guideline. The Fourth Circuit held in *Marcum* that a defendant who misrepresented how charitable proceeds would be used should receive an enhancement under §2B1.1(b)(9)(A). (The Guideline was then §2F1.1(b)(4)(A). It was moved by Amendment 617 to §2B1.1(b)(7)(A) and moved later to §2B1.1(b)(9)(A). Its text has remained constant. We use the current numbering throughout this opinion to promote clarity.)

*Marcum* did not quote or analyze the Guideline's language. *Frazier*, by contrast, analyzed the language in detail and focused on the phrase "on behalf of" in the longer phrase "a misrepresentation that the defendant was acting on behalf of a charitable … organization". Referring to dictionaries, *Frazier* observed that "on behalf of" could mean "as a representative of" or "in the interest of". If the phrase has the former meaning, then a person who was authorized to represent a charity cannot receive an enhancement under §2B1.1(b)(9)(A), but if it has the latter meaning then a person who secretly planned to take some of the money under the table is eligible for the enhancement. The Tenth Circuit thought that the Guideline bears both meanings, but that, because all of the Application Note's examples dealt with misrepresentation of status rather than misrepresentation of intent, only misrepresentation of status could support an enhancement.

Amendment 617, and the revised Application Note 8(B), remove the basis for the restrictive reading in *Frazier* and support a conclusion that both kinds of misrepresentation qualify. If the only reason for the conflict between *Marcum* and

*Frazier* was judicial disagreement about how to read an application note, that sort of conflict can indeed be resolved by rewriting the note and leaving the Guideline's text unchanged.

Since 2001, courts of appeals have uniformly accepted the new Application Note as an authoritative construction of §2B1.1(b)(9)(A). See *United States v. Wiant*, 314 F.3d 826, 829 (6th Cir. 2003); *United States v. Lambert*, 498 F.3d 963 (9th Cir. 2007); *United States v. Smith*, 516 F.3d 473 (6th Cir. 2008); *United States v. Fumo*, 655 F.3d 288 (3d Cir. 2011). Some of these decisions mention only the text of §2B1.1(b)(9)(A) and others do not analyze with care either the text or the note. One even attributes Amendment 617 to Congress! *Lambert*, 498 F.3d at 970. (The brief for the United States quotes that attribution with approval. Do the Ninth Circuit and the Department of Justice really not know who writes the Guidelines and their commentary?) But these decisions all come out the same way, and we could not hold otherwise without creating a new conflict among the circuits.

We do not find the prospect of a new conflict necessary, for two reasons.

First, *Frazier* is right to observe that "on behalf of" can mean "for the benefit of". It is appropriate to use the Sentencing Commission's commentary to resolve ambiguities in the Guidelines. True, any compensated employee of a charity is raising money in part for his own benefit (how else will the organization pay his salary?), but limiting the enhancement to people who plan to receive *secret* benefits produces a sensible outcome.

Second, the proviso now expressed in Application Note 8(E)(i) eliminates the prospect that reading "on behalf of" to

mean "for the benefit of" will duplicate the enhancement under §3B1.3 for abuse of a position of trust, an enhancement that Nitzkin received in addition to the one under §2B1.1(b)(9)(A). There's nothing wrong with double counting when the Commission calls for it. See *United States v. Vizcarra*, 668 F.3d 516 (7th Cir. 2012). But when the Commission itself says that two enhancements so overlap that only one should be applied, we need not strain to avoid overlaps. The appropriate thing to do is allow each Guideline a natural meaning, then enforce the anti-cumulation rule.

The problem in Nitzkin's sentencing turns out to be, not a misconstruction of §2B1.1(b)(9)(A), but the fact that everyone overlooked Application Note 8(E)(i). The district judge did not mention it, let alone conclude that the enhancements under §2B1.1(b)(9)(A) and §3B1.3 rest on different conduct. A court of appeals may notice plain error, see Fed. R. Crim. P. 52(b), and this oversight is plain enough. A difference of eight to ten months in the recommended length of a sentence is well worth getting correct. *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), holds that errors in calculating the appropriate sentencing range usually should be corrected under Rule 52(b). So we remand with instructions to apply Application Note 8(E)(i). If the judge finds that the two enhancements reflect different conduct, then both may be applied. Even if only one applies, the judge may conclude that a 42-month sentence retains the support of the criteria in 18 U.S.C. §3553. But that determination must start with a correct appreciation of the range recommended by the Sentencing Commission. See *United States v. Asbury*, 27 F.4th 576, 582 (7th Cir. 2022).

The sentence is vacated, and the case is remanded for further proceedings consistent with this opinion.