In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 23-1367

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSEPH VAN SACH,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:19-CR-50029(1) — **John Robert Blakey**, *Judge.*

———————————

ARGUED JUNE 5, 2024 — DECIDED JUNE 20, 2024

———————————

Before EASTERBROOK, BRENNAN, and JACKSON-AKIWUMI,
*Circuit Judges.*

PER CURIAM. Joseph Van Sach appeals his 87-month sentence for assaulting a correctional officer. 18 U.S.C. § 111(a), (b). He principally challenges the district court's calculation of the sentencing range under the guideline provision for aggravated assault, U.S.S.G. § 2A2.2, which the government concedes was applied in error. Because the application of

§ 2A2.2 was not harmless, we vacate Van Sach's sentence and remand for resentencing.

## Background

On April 2, 2019, while housed at the federal prison in Thomson, Illinois, Van Sach repeatedly refused a correctional officer's order to submit to hand restraints so that a cellmate could return from a shower. About an hour later, Van Sach again refused hand restraints, prompting correctional officers to deploy pepper spray into his cell. Five officers then restrained him.

After a medical assessment, Van Sach was placed in a restrained cell so that officers could monitor his behavior. During a check on his cell that evening, Van Sach freed his left hand and punched a correctional officer in the left eye. The punch caused severe swelling, sharp pain, and bruising around the officer's eye.

Van Sach later was convicted by a jury of one count of forcible assault on a federal officer. 18 U.S.C. § 111(a), (b).

The probation officer prepared a presentence report (PSR) and recommended the base offense level for aggravated assault. *See* U.S.S.G. § 2A2.2(a). The probation officer also recommended a three-level increase to the base offense level because the correctional officer sustained a bodily injury, *see* U.S.S.G. § 2A2.2(b)(3)(A), a two-level increase because Van Sach had been convicted under 18 U.S.C. § 111(b), *see* U.S.S.G. § 2A2.2(b)(7), and a six-level increase because the victim-related adjustment for assaulting a prison official also applied, *see id.* § 2A2.2, cmt. n.4; *id.* § 3A1.2(c)(2). With these enhancements, the probation officer calculated Van Sach's total

offense level at 25 and his criminal history category at III, yielding a guidelines range of 70 to 87 months in prison.

In its sentencing memorandum, the government objected to the PSR and sought a higher sentence. The government proposed a five-level increase for "serious bodily injury," *see* U.S.S.G. § 2A2.2(b)(3)(B), rather than the three-level increase for "bodily injury," *see* U.S.S.G. § 2A2.2(b)(3)(A), because the officer experienced persistent headaches, suffered extreme physical pain that prevented him from working for eight days, and needed urgent care to check on the bone surrounding his eye.

The district court overruled the government's objection and adopted the guidelines calculation as set forth in the PSR. The court noted that although the officer endured bodily injury from swelling and bruising, his injury did not involve extensive impairment or require medical intervention such as hospitalization, surgery, or physical rehabilitation, as required under the definition of "serious bodily injury" in Application Note 1(M) of § 1B1.1 (requiring some showing of a "protracted impairment" or "medical intervention").

After considering the mitigating factors (early gang influence, previous punishment and custody, substance abuse, rehabilitation, and age) and the aggravating factors (lack of acceptance of responsibility, false testimony, misconduct in custody, criminal history, and seriousness of the offense), the court sentenced Van Sach to 87 months in prison—the top of the recommended range. The judge prefaced his imposition of the sentence with an inoculating statement, noting that "the [18 U.S.C. §] 3553 factors are driving the sentence in this case, and … if I made a procedural error on the actual calculation, it would not affect the outcome in terms of the sentence."

**Analysis**

On appeal Van Sach maintains—and the government concedes—that § 2A2.2 should not have been used to calculate his base offense level under the Guidelines. As he argues, Application Note 1 of § 2A2.2 defines aggravated assault as a "felonious assault that involved … *serious* bodily injury" (emphasis added), and the court ruled at sentencing that the correctional officer did not suffer bodily injury that was serious. Both Van Sach and the government agree that the court should have instead used U.S.S.G. § 2A2.4(a) ("Obstructing or Impeding Officers"), which has a base offense level of 10 (instead of 14). Had the court applied § 2A2.4(a), Van Sach's total offense level would have been 15 (instead of 25), which, when coupled with a criminal history category of III, would have yielded a guidelines range of 24 to 30 months instead of 70 to 87 months.

The government concedes that the court erred but urges that the error was harmless because the district court independently considered the § 3553(a) factors and stated that it would have imposed the same sentence notwithstanding the error. The court highlighted, for instance, the seriousness of Van Sach's offense ("[Van Sach is] essentially at war with people who are charged with keeping [him] in custody in a healthy and safe manner") and the need for deterrence (given that Van Sach's recidivism risk was in the "top five" of people the district court had seen in over thirty years).

Because Van Sach did not object at sentencing to the PSR's offense level calculation under § 2A2.2, this court's review is for plain error. *See United States v. Johnson*, 94 F.4th 661, 664 (7th Cir. 2024). Thus, a remand would be proper only if a plain error affected Van Sach's substantial rights and the fairness or

integrity of the judicial proceeding. *See United States v. Hopper*, 934 F.3d 740, 766 (7th Cir. 2019).

Here, the error was plain. The court's application of § 2A2.2 resulted in a higher guidelines range, and an error affecting a defendant's guidelines range also affects his substantial rights. *See Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016); *United States v. Goodwin*, 717 F.3d 511, 521 (7th Cir. 2013).

Moreover, the error was not harmless. The court sentenced Van Sach to the highest end of the mistaken sentencing range, suggesting that it at least considered the guidelines range as an anchor. *See United States v. Navarro*, 817 F.3d 494, 501–02 (7th Cir. 2016); *see also Goodwin*, 717 F.3d at 521 (district court did not specifically cite Guidelines in explaining length of defendant's sentence but there was "no stretch" to infer that PSR's calculated range affected determination).

Even if the court did not anchor its sentence to the mistaken range, the court's inoculating statement also does not render the error harmless. An inoculating statement must be "detailed," *United States v. Asbury*, 27 F.4th 576, 581 (7th Cir. 2022), explain the "parallel result," *id.*, and illustrate how the error would not affect the ultimate outcome, *United States v. Caraway*, 74 F.4th 466, 469 (7th Cir. 2023) (citation omitted). The court's statement was none of these:

> I want to note for the record that having considered the [§ 3553] factors, the sentence I'm about to impose would be the same even if the guideline calculation was a little bit different. The [§] 3553 factors are driving the sentence in this case, and … even if I made a procedural error on the

actual calculation, it would not affect the out-
come in terms of the sentence.

Contrary to the government's argument that the inoculat-
ing statement was detailed, the statement was not tethered to
any particular error, and a "generic disclaimer of all possible
errors will not do." *Asbury*, 27 F.4th at 581. The statement did
not explain why the sentence—tied to the top of the calculated
guidelines range—would have come out the same way under
a much lower calculated range. The court seemed to justify its
decision by highlighting certain § 3553(a) factors (seriousness
of the offense, the need for just punishment, and specific de-
terrence) as well as certain aggravating factors (Van Sach's
lack of responsibility and remorse, his long pattern of miscon-
duct while in custody, and his long criminal record), but the
court did not spell out how these concerns excused any con-
sideration of or were untethered to the guidelines range.

Regardless, when all parties fail to notice a procedural er-
ror, the entire burden for the oversight should not fall on the
defendant. *See Goodwin*, 717 F.3d at 521 (remand warranted
when district court adopted PSR's erroneous guidelines cal-
culation that prejudiced defendant). Thus, the misapplication
of § 2A2.2, resulting in an additional 46 to 57 months in the
recommended length of a sentence, is an error "well worth
getting correct." *United States v. Nitzkin*, 37 F.4th 1290, 1293
(7th Cir. 2022) (remand warranted so that district court could
reconsider applying enhancement that increased defendant's
recommended sentence by 8 to 10 months). Even if the judge
were to conclude on remand that a substantial sentence is
supported by the § 3553(a) criteria, "that [sentencing] deter-
mination must start with a correct appreciation of the range
recommended by the Sentencing Commission." *See id.*

We VACATE Van Sach's sentence and REMAND with instructions to apply the base offense level and related adjustments from § 2A2.4.